JANVIER, Judge
(concurring).
I concur in everything stated in the majority opinion, and I would add that I see nothing which conflicts with the holding of the Supreme Court in Succession of Simms, 250 La. 177, 195 So.2d 114.
Where an immovable is left by testament to an heir and in that testament a trust is created and the property is subject to the trust thus created, the title vests in the heir and not in the trustee regardless of who may have actual seizin.
A different situation results where there is an already created trust in which many persons are interested and by testament an heir is left an interest in that trust. The heir does not obtain title to anything held by the trust whether movable or immovable, but obtains title only to a share in the trust. The situation resembles that presented where there is left stock in a corporation. The shares do not become immovable even if the corporation owns only immovable property.
Here there was no immovable left by the testament to an heir. It left only a beneficial interest in the trust along with similar interests of others. Even though, by the terms of the trust agreement, 75'% of them could have ordered the sale of the property held in trust, no one of them obtained any sort of title to any immovable.